The presiding Judge, (Bay,)
in his charge to the jury, told them, that there was a great difference between open accounts and discharges or acquittances. The former as well as notes of hand, might, be barred by the statute of limitations, but that act could never operate against a release or acquittance, because so much as was mentioned in. a release or a discharge was an extinguishment of the debt. or demand pro tanto. That every receipt was a release in law, and extinguished a debt or demand as effectually as a release under hand and seal. That in the present case, the receipt was for the whole amount of the bond, and as it did not appear, that there were any other transactions between the parties, it was fair to presume that the sums mentioned in the receipt produced, were paid in discharge of the bond *483 offered in discount. And that if the jury should be of his opinion, and there was nothing to justify a contrary one, it would be their duty to reject the bond offered in discount, as having been paid off and discharged.
That this could not be considered as a discount against a discount, which would be an absurdity, but evidence of payment of a debt offered in discount, for it had been frequently determined that a bona fide debt transferred to a defendant, might be set off against a plaintiff’s demand. That it was, therefore, surely consistent with every principle of law and justice, for the plaintiff, if he could shew that the debt assigned was paid off by him, to give evidence to rebut the defendant’s discount offered against him.
The Jury, agreeably to the Judge’s charge, found a verdict for the plaintiffs, and rejected in toto the defendant’s discount.
This was a motion for a new trial, on the ground of misdirection, and the verdict being against law.
When, after argument, the Judges refused the motion and ordered the rule to be discharged, holding, that a receipt or acquittance of any kind, was not within the intent or meaning of the statute of limitations, and that the construction given by the presiding Judge in his charge to the jury, was perfectly consistent with the rules of law.
Present, Grimke, Waties, Bay, Johnson, and Trf. ZEVANT.
BREVARD absent at the time of the argument,.